# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS LONG,

        Plaintiff,

vs.

AURORA BANK, FSB,

        Defendant.

Case No.  2:12-cv-00721-GMN-CWH

**ORDER**

       This matter is before the Court on Plaintiff's Motion to Stay (#11), filed May 23, 2012.  By way of this motion, Plaintiff requests that the Court stay further action in this case pending resolution of the motion to remand (#10).  Although styled as a request to stay all further proceedings, the Court construes the motion as a request to stay discovery pending resolution of the identified motion.

       As a general matter, courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery.  The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).  Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues.  *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

       The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied."  *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175

F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.  Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion.  This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted).  That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.[1]

The Court has taken a preliminary peek at the pending motion and finds that Plaintiff has not met his "heavy burden" to show that discovery should be denied or the case otherwise stayed. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States."  Plaintiff does not contest the diversity of citizenship requirement, but asserts that the amount in controversy does not exceed $75,000 and that Defendants do not have a monetary stake in the outcome.  Plaintiff's contentions are disingenuous.  The complaint clearly seeks rescission of the contract as well as quiet title to the subject property which would require rescission of the promissory note.  At the time of foreclosure, the Deed of Trust stated that the amount of the loan was in excess of $274,000.  Thus, for purposes of determining whether a stay is appropriate, the undersigned is persuaded that the value of this lawsuit at least the value of the underlying loan, which exceeds the $75,000 threshold for diversity jurisdiction.  *See Schultz v. BAC Home Loans Servicing, LP*, 2011 WL 1771679 2011 at *2 (D. Ariz.) (finding that when a party seeks to quiet title, the amount in controversy is at least the value of the subject property and, more likely, the value of the loan); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

---

[1] The Ninth Circuit has not taken a position on whether a motion to remand is dispositive.  Other Circuit Courts of Appeal that have considered the issue have held that motions to remand are dispositive. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-66 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998).  For purposes of a motion to stay discovery, the Court will treat the pending motion as dispositive.

Cir. 1996) (a removing party need only establish that it is "more likely than not" that the amount in controversy exceeds $75,000).

Plaintiff's argument that the removal was procedurally improper due to a lack of unanimity from all defendants to removal is also unconvincing. First, Aurora Bank is the only named defendant, with other potential defendants listed as "Roes and Does." For purposes of diversity in removal, courts disregard Roe and Doe defendants. *See* 28 U.S.C. § 1441(a). Second, the Ninth Circuit does not require parties to formally join in a notice of removal or for parties to file individual documents showing consent to removal. In the Ninth Circuit, "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#11) is **denied**.

DATED this 8th day of June, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge